UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**MIDASCO, INC.,**

        **Plaintiff,**

**v.**                                         **Civil Action No. 2:05cv508**

**M.E. HUNTER & ASSOCIATES, N/K/A
MASTEC NORTH AMERICA, INC.,**

**and**

**LIBERTY MUTUAL INSURANCE CO.,**

        **Defendants.**

## ORDER AND OPINION

This matter is before the court on plaintiff's Motion to Alter Judgment and Motion for Reconsideration.  On February 22, 2006, this court issued an Order granting defendant Liberty Mutual Insurance Company's motion for summary judgment and denying plaintiff Midasco Inc.'s motion for partial summary judgment.  The court, exercising its discretion to reconsider its prior ruling, reviewed plaintiff's motions and memoranda, and for the reasons set forth herein, the court **DENIES** both of plaintiff's motions.

### I.  Factual and Procedural History

The factual and procedural background pertinent to this matter are fully detailed in the court's February 22, 2006 Order and need not be reiterated here.  Subsequent to entry of the court's Order, on March 6, 2006, plaintiff filed a motion to alter judgment, arguing that Maryland's twelve-year statute of limitations applies to the Virginia statutory payment bond in issue.  Additionally, on the same date, plaintiff filed a motion seeking reconsideration of the

court's denial of plaintiff's motion for partial summary judgment relating to retained funds held by MasTec. On March 20, 2006, Liberty Mutual filed a memorandum in opposition to plaintiff's motion to alter judgment, and plaintiff thereafter filed a rebuttal. As MasTec did not file a response to plaintiff's motion to reconsider, both motions are now ripe for review.

## II.  Standard of Review

Federal Rule of Civil Procedure 59(e) does not set forth a standard for determining whether to grant a motion to alter judgment. However, the Fourth Circuit has recognized three grounds for altering a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Here, only the third ground is potentially relevant, and if the court determines that a clear error of law was made, the court will correct such error as doing so "spar[es] the parties and the appellate courts the burden of unnecessary appellate proceedings." Id. (quoting Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir.1995)).

As to plaintiff's motion for reconsideration, denial of summary judgment is an interlocutory order and "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003). Rather, a "district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Id. at 514-15. Therefore, here, the court has discretion to modify its prior Order if, upon review, the court determines that an alternative resolution is appropriate.

2

### III.  Analysis

######    A.  Motion to Alter the Court's Prior Order Granting Liberty Mutual's Motion for Summary Judgment

The court reviews its previous Order granting summary judgment in favor of Liberty Mutual to determine if a "clear error of law" was made as well as to avoid "manifest injustice." The court's previous Order applied Virginia's statutory framework to the Virginia bond in issue, rejecting plaintiff's contention that such bond should be construed as a "common law" bond under either Massachusetts, Georgia, or Virginia law.  Now, stemming from the court's prior determination that Maryland choice of law rules apply to the instant dispute, plaintiff contends that claims against the payment bond issued pursuant to the Virginia "Little Miller" Act are subject to Maryland's twelve-year limitations period.  After carefully reviewing Maryland case law and the parties' arguments, the court declines to alter its prior opinion, finding that no "clear error of law" was made.  Furthermore, "manifest injustice" did not result from the court's prior judgment; on the contrary, the potential for injustice would be greater if a subcontractor working on a project for the Commonwealth of Virginia, occurring entirely within Virginia, governed by Virginia's laws, was able to avoid the requirements of Virginia's statute simply by filing suit in Maryland, a state with virtually no connection to the project or payment bond in issue.

As stated in this court's prior Order, because the instant lawsuit was initially filed in Maryland state court and removed to the United States District Court for the District of Maryland, this court must apply Maryland's choice of law rules.  See Ferens v. John Deere Co., 494 U.S. 516, 519 (1990).  Although Maryland follows the doctrine of lex loci contractus which requires the application of the substantive law of the place of contracting, Maryland courts have recognized justifications for deviating from such rule.  See, e.g., American Motorists Ins. Co. v.

ARTRA Group, Inc., 338 Md. 560, 580-81, 659 A.2d 1295, 1305 (1995).  Additionally, whether

or not Maryland deviates from lex loci contractus, when a Maryland court applies the substantive

law from another forum the procedural law of Maryland still applies, and Maryland courts

generally consider limitations periods to be procedural.  Turner v. Yamaha Motor Corp., U.S.A.,

88 Md. App. 1, 3, 591 A.2d 886, 888 (1991).  However, on these facts, there are two primary

reasons why Maryland courts would likely recognize an exception to Maryland's general rules.

**1.  The bond and the statute are to be read together**

First, looking to the bond itself as well as Virginia's statutory framework, a Maryland

court, whether applying Maryland, Georgia, or Virginia law, would likely read into the bond the

limitations period established by Virginia statute.  Although the text of the bond does not contain

a limitations provision, nor a choice of law provision, it would be disingenuous for any party to

the instant suit to claim that the payment bond was not issued pursuant to Virginia's Little Miller

Act, as the bond was issued on the Virginia Department of Transportation's ("VDOT") standard

bond form and the underlying Virginia public works construction project was prohibited by law

from proceeding unless the bond was issued.  The Virginia Little Miller Act, like its federal,

Maryland, and Georgia counterparts, is designed to protect subcontractors and materialmen who

work on, or supply materials for, a public works project as relevant laws generally prohibit such

parties from obtaining a lien against public projects.[1]  Likewise, Virginia, Georgia, and Maryland

courts recognize that the limitations period contained in each state's Little Miller Act applies to

---

[1]  Georgia, Virginia, and Maryland all have "Little Miller" Acts, state versions of the
federal Miller Act which apply to public works projects performed in that state.  As state bonding
requirements, as well as the rules governing claims against statutory bonds, naturally differ,
projects occurring within a state must comply with the statute of that state and not with the
statute of the state of an unanticipated future lawsuit.

actions on bonds issued pursuant to the statute.  See Anne Arundel County v. Fidelity & Deposit Co. of Maryland, 336 Md. 282, 286, 648 A.2d 193, 194-95 (1994) (construing the Maryland Little Miller Act's one-year limitations period as applying only to claims on payment bonds, not to claims on performance bonds); Thomas Somerville Co. v. L.R. Broyhill, 200 Va. 358, 360, 105 S.E.2d 824, 826 (1958) ("The statute and the bond are to be read together, for together they constitute[] the measure of [the general contractor's] undertaking and the extent of [its] and the surety's liability."); Southern Elec. Supply Co. v. Trend Constr. Inc., 259 Ga. App. 666, 578 S.E.2d 279 (2003) (recognizing that the Georgia Little Miller Act includes a one-year limitations period as well as notice requirements that must be complied with in order to bring a claim under a statutory payment bond).  Therefore, as all relevant states would likely read the one-year limitations period into the payment bond, it is as if the parties had included the Virginia Little Miller Act's limitations period in the text of the payment bond at issue.[2]

Viewing the Virginia statutory payment bond as having the standard limitations provision set forth in the Virginia statute, as all relevant states likely would, the next question is whether a Maryland court would be willing to apply such a provision, as Maryland courts generally will not apply provisions that are "against Maryland public policy."  General Ins. Co. of America v.

---

[2] Plaintiff argues that Liberty Mutual, a large sophisticated insurance company, should have drafted a more precise bond including the "special time limitation on bringing suit," and that this court incorrectly failed to construe ambiguities in the bond against the compensated surety (Pl. Rebuttal 5).  First, the court notes that Liberty Mutual did not draft the bond in question; rather, the parties utilized VDOT's standard bond form, likely in order to ensure that the bond was in accordance with Virginia statute.  Second, the one-year limitations period is not "special," but rather, is the standard limitations period applied to all public works bonds in the Commonwealth of Virginia.  Third, there is no ambiguity because the payment bond does not purport to create an alternative limitations period; instead, because the Virginia statutory bond is silent as to the limitations period, the standard one-year statutory period applies.  Finally, as discussed below, even if the bond attempted to create a longer limitations period, the Virginia statute at the time of contracting prohibited an extension of the standard one-year period.

Interstate Service Co., 118 Md. App. 126, 128, 701 A.2d 1213, 1214 (1997); National Glass, Inc. v. J.C. Penney Properties, Inc., 336 Md. 606, 608, 650 A.2d 246, 247 (1994).  In Interstate, the Court of Special Appeals of Maryland recognized that Maryland's default limitations period applicable to common law payment bonds is twelve years.  Interstate, 118 Md. App. at 132.  The issue before the court was whether provisions in the bonds at issue reducing such period with respect to construction projects occurring within Virginia and Washington D.C. should be applied by Maryland Courts, as "shortening [the limitations period] is prohibited by Maryland law."  Id.  Analyzing Maryland's interest, the court explained:

> The [construction] work was in fact performed in the District of Columbia and Virginia, and none was performed in Maryland.  Similarly, the bonds were not issued in Maryland and were not to be performed in Maryland.  The bonds expressed a suretyship obligation which arose in the foreign jurisdictions, the place of performance of the underlying contracts and the location of the primary obligation.  The only contact with Maryland is that [plaintiff] is a Maryland corporation and the other parties, . . . none of which are residents of Maryland, expressly consented to Maryland as the forum state.

Id. at 139.  Relying on the Restatement (Second) Conflict of Laws § 187, the court concluded that even though the shorter limitations period expressly violated Maryland public policy, it should be applied because "Maryland has no materially greater interest" than the states where the construction projects occurred.  Id.  The court expressly distinguished National Glass, a case that reached the opposite conclusion with respect to Maryland's interest because the construction project in National Glass occurred entirely within that state of Maryland.[3]

----

[3]  Additionally, in National Glass, the court recognized that a mechanic's lien resulting from improvements to real property is governed by "the law of the state where the real property is located."  National Glass, 336 Md. at 612.  Although the instant dispute does not involve liens, but rather, a statute designed to act as a substitute for mechanics' liens, common sense dictates that the law of the state where the improved real property is located would continue to govern.  Therefore, a lawsuit arising out of a public works project occurring entirely within Virginia, and subject to Virginia's Little Miller Act, is in fact "governed" by the law of Virginia.

Here, parallel to the facts of Interstate, Maryland's only connection to this dispute is that Midasco is a Maryland corporation and the instant lawsuit was initially filed in Maryland.  In contrast, Virginia's interest is virtually as strong as one can contemplate because, first and foremost, the "Owner" of the construction project was VDOT and ultimately the Commonwealth of Virginia; second, the real property improvements resulting from the Virginia public works contract occurred entirely within Virginia; third, the bonds at issue expressed a suretyship obligation which arose based on the Virginia project and was tied to performance that would occur in Virginia; and fourth, the bonds were issued in order to comply with the Code of Virginia which mandated the bonds issuance "upon the award" of the public works contract.  Therefore, on these facts, Maryland courts would likely apply the one-year limitations period established by Virginia statute, as Virginia's Little Miller Act should govern Virginia projects, just as Maryland's Little Miller Act governs Maryland projects, and Georgia's Little Miller Act governs Georgia projects.[4]

## 2.  The Virginia Little Miller Act's limitations provision in force at the time of contracting was prohibitory and therefore, substantive

The court's previous judgment was not based on a clear error of law because even if Maryland courts would not read the Virginia Little Miller Act's statute of limitations into the

---

[4] Although a different statutory framework was at issue, in Allstate Insurance Co. v. Hart, the Court of Appeals of Maryland stated: "If an automobile is not required to be registered in Maryland, and if the insurance policy covering an automobile was not issued, sold, or delivered in Maryland, the [Maryland] statutory provisions mandating particular insurance coverages . . . are totally inapplicable." Hart, 327 Md. 526, 533, 611 A.2d 100, 103 (1992) (emphasis added). Likewise, here, the VDOT construction project was not required by Maryland law to take out a payment bond, and the payment bond covering the project was not issued, sold, or delivered in Maryland; thus, Maryland's Little Miller Act is "totally inapplicable."  Rather, the Virginia Little Miller Act, which dictates that any claim against a statutory payment bond be brought within one year of the date labor or materials were last provided, should be applied by any relevant court.

7

bond at issue, looking to the language of the Virginia Act at <u>the time the bonds were issued</u>, a Maryland court would likely apply the Virginia limitations period as substantive.[5]  Plaintiff concedes in its rebuttal brief, submitted on March 27, 2006, that the Virginia legislature could create a statutory limitations period that barred a suit unless the claimant brought an action within a one-year period "in which event Maryland would recognize the deadline as a condition precedent that is entitled to extra-territorial effect" (Pl. Rebuttal 7).  However, plaintiff argues that the current Virginia statute is not prohibitory as it uses the term "shall," which the Virginia Supreme Court has instructed can be construed as either "permissive or mandatory in accordance with the subject matter and context."  <u>TM Delmarva Power, L.L.C. v. NCP of Virginia, L.L.C.</u>, 263 Va. 116, 121, 557 S.E.2d 199, 201 (2002).[6]

Although plaintiff presents a strong argument based on the language of the <u>current</u> Virginia statute, upon review of the statute's history, the court notes that the Virginia legislature modified the limitations provision at issue effective October 1, 2001.  The version of the statute in effect when the instant payment bond was signed read: "Any action on a payment bond <u>must</u> be brought within one year after the day on which the person bringing such action last performed labor or last furnished or supplied materials."  Va. Code Ann § 11-60 (1998) (emphasis added). Therefore, the court concludes that at the time the bond was signed, as well as when MasTec and Midasco signed both the subcontract agreement and settlement agreement, the Virginia Little Miller Act created a <u>restrictive</u> statute of limitations that required all actions on a statutory

----

[5] "[C]ontractual rights and duties are controlled by the law in effect at the time the contract was executed."  <u>Gazale v. Gazale</u>, 219 Va. 775, 777, 250 S.E.2d 365, 366 (1979).

[6] The current Virginia Little Miller Act states: "Any action on a payment bond shall be brought within one year after the day on which the person bringing such action last performed labor or last furnished or supplied materials."  Va. Code Ann. § 2.2-4341 (2004).

payment bond to be brought within one year.  As plaintiff concedes, Maryland courts would apply a restrictive statute of limitations as substantive; thus, the court's prior Order properly granted Liberty Mutual's motion for summary judgment.[7]

In summary, the court finds that plaintiff's memoranda, and the caselaw set out therein, fail to establish that the court's prior ruling was predicated on a "clear error in law."  Based on the unique facts of this matter, the court concludes that Maryland courts would likely apply the restrictive limitations provision contained in the Virginia Little Miller Act.  As noted by the Court of Appeals of Maryland, "[s]ometimes . . . there are good reasons why our courts should, and do, apply the law of a foreign jurisdiction.  First, if Maryland does not defer to other states when they have a significant interest, they might not defer to Maryland when we have a significant interest."  American Motorists Ins. Co. v. ARTRA Group, Inc., 338 Md. 560, 578, 659 A.2d 1295, 1304 (1995).  All parties involved in the instant dispute were aware that the construction project at issue was a public works project for VDOT; such fact is clearly stated on the very first page of the MasTec-Midasco subcontract.  Although Midasco, a Maryland subcontractor, may be more familiar with the Maryland Little Miller Act, when working on a Virginia project all parties are required to follow the requirements of Virginia law.  Because plaintiff admits that the last day Midasco provided labor or materials was in May of 2002, and

---

[7] Prior to 1982, the pertinent section of the Virginia Little Miller Act read "No action on any bond required herein shall be brought unless within one year . . . ."  Va. Code Ann. § 11-23. The Virginia Supreme Court determined such provision to be "clearly prohibitory of any other limitation."  Joseph F. Hughes & Co. v. George Robinson Corp., 211 Va. 4, 6, 175 S.E.2d 413, 415 (1970).  The change in language to "Any action . . . must" is likewise prohibitory and has been recognized as such by at least one Virginia court.  See Southside Utils., Inc., v. Abante Corp., No. L99-2869, 2000 WL 33595090, *2 (Va. Cir. Ct. Dec. 22, 2000) (unpublished) (finding the language in § 11-60 to be prohibitory, stating: "The language in the current statute 'Any action . . . must,' has not sufficiently changed enough to warrant a different analysis from that used in Hughes") (citations omitted).

plaintiff failed to file suit until May of 2005, plaintiff's claims against Liberty Mutual are untimely pursuant to the Virginia Little Miller Act. Virginia's Little Miller Act, including its restrictive limitations provision, should be applied by Maryland courts in relation to a Virginia project, just as Virginia courts should apply all relevant provisions from Maryland's Little Miller Act in relation to a Maryland project. As a result, plaintiff's motion is denied.

### B. Motion for Reconsideration of the Denial of Midasco's Motion for Partial Summary Judgment

Midasco also filed a motion for reconsideration of this court's Order denying plaintiff's prior motion for partial summary judgment. Plaintiff's prior motion sought immediate payment of the retained funds that MasTec has withheld. The court has considered plaintiff's motion for reconsideration and declines to modify the court's previous position.

Plaintiff's motion for reconsideration sets forth two reasons why Maryland courts would not apply Georgia law to the interpretation of the MasTec-Midasco subcontract: first, applying the Georgia rule is against Maryland public policy; and second, under the doctrine of renvoi, Maryland courts would apply Virginia law because Georgia's choice of law rules would apply Virginia law. The court does not find either of plaintiff's contentions persuasive. First, as explained above, even if the Georgia rule is against Maryland public policy, because the entire construction project occurred outside of Maryland and Maryland has very little interest in this dispute, Maryland courts would likely decline to deviate from Maryland's standard rule of lex loci contractus. Second, Maryland courts have only applied the doctrine of renvoi to instances of "remission," that is, when Maryland's choice of law rules point to another forum and that forum's choice of law rules point back to Maryland. American Motorists, 338 Md. at 574.

However, here, plaintiff argues for the application of <u>renvoi</u> to a scenario involving "transmission," claiming that Maryland would apply Virginia law because Maryland choice of law rules point to Georgia and Georgia choice of law rules point to Virginia.  As Maryland courts have yet to apply <u>renvoi</u> in a situation that would result in transmission, neither will this court.  <u>See</u> <u>id.</u> at 579 ("The limited <u>renvoi</u> exception which we adopt today will allow Maryland courts to avoid the irony of applying the law of a foreign jurisdiction when that jurisdiction's conflict of law rules would apply <u>Maryland law</u>.") (emphasis added).   Because neither of plaintiff's arguments persuade the court to modify its opinion, plaintiff's motion for reconsideration is denied.

## IV.  Conclusion

For the reasons discussed above, plaintiff's motion to alter judgment and motion for reconsideration are **DENIED**, as Maryland courts would likely apply the Virginia statutory limitations period to the Virginia bond at issue, and based on the doctrine of <u>lex</u> <u>loci</u> <u>contractus</u> coupled with Maryland's minimal interest in the instant dispute, Maryland courts would likely apply Georgia law with respect to the interpretation of the MasTec-Midasco subcontract.

The Clerk is **REQUESTED** to mail copies of this Order to counsel of record.

**IT IS SO ORDERED.**

_____
/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April  25 , 2006